## In re ALLEN'S ESTATE.
### No. Admn. 66049.

District Court of the United States for the District of Columbia.

Jan. 24, 1946.

William L. Owen, of Washington, D. C., for the estate, for the motion.

John K. Cunningham, of Washington, D. C., guardian ad litem, opposed.

HOLTZOFF, Justice.

The question in this case is whether a will is revoked by the birth of a child subsequently to the execution of the will, the child being born of a marriage which took place prior to the execution of the testamentary instrument. The question is raised by motion to dismiss the petition for caveat, filed by the guardian ad litem for the infant, who was born subsequently to the execution of the will.

The United States Court of Appeals for the District of Columbia, in Pascucci v. Alsop, 79 U.S.App.D.C. 354, 147 F.2d 880, in a very comprehensive opinion written by Chief Justice Groner, holds that the law of wills and of probate as existing in Maryland on February 27, 1801, was and is the law of the District of Columbia, except as since altered by Congress. We are, then, relegated to the law of Maryland as it existed in the year 1801. As shown in Pascucci v. Alsop, the sixth section of the English Statute of Frauds and the common law were the law of Maryland.

It is not disputed that at common law a will was revoked by a marriage taking place subsequently to its execution if the marriage was followed by birth of issue. On the other hand, at common law a will was not revoked by birth of issue subsequently to the execution of the will if the marriage had taken place previously.

In the case of Pascucci v. Alsop, 79 U.S.App.D.C. 354, 147 F.2d 880, to which

I have already referred, the Court of Appeals for this jurisdiction applied the rule that a will is revoked in the event a marriage and birth of issue occur subsequently to the execution of the will. It seems to me, however, that this case emphasizes the proposition that the common-law rule prevails in the District of Columbia. It follows hence that the rule that a will is not revoked by birth .of issue subsequently to the execution of the will, the marriage having taken place previously, is still the law of this jurisdiction.

I am fully aware of the arguments of policy that would impel a change in that rule of law. Many States have changed it by legislation. Congress, however, has not seen fit to do so for the District of Columbia. Surely I as a nisi prius judge, in the absence of a change of the law, either by legislation or by a decision of the Supreme Court or of the United States Court of Appeals for this District, am not at liberty to modify what I deem to be the existing law on the subject, irrespective of whether I may believe it to be unfortunate.

Under the circumstances, I feel constrained to grant the motion to dismiss the petition of the guardian ad litem.